■ AETNA CASUALTY AND SURETY COMPANY, Appellant, v. FRANK DIMINO et al., Respondents, and ANGELO M. MANGIONE et al., Defendants.— Judgment unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: Plaintiff brought this action for a judgment declaring that it does not have to defend defendants Dimino in the action brought against them for personal injuries and that it is not obligated to indemnify them on account of any judgment that might be entered against them, because of their failure to give notice of the accident as soon as practicable. The answer sets forth as an affirmative defense that plaintiff should not be permitted to disclaim, because an unreasonable time has passed since plaintiff reserved this right in a letter to defendants Dimino and because defendants have relied on plaintiff's failure to disclaim to their detriment. After a trial without a jury the court granted judgment dismissing the complaint and also declared that plaintiff was obligated to defend and indemnify the Diminos. We hold that the insurer's delay of three months after notice of the claim until commencement of this action, coupled with its instruction to the insureds in its reservation of rights letter "not to discuss this matter with anyone other than a representative of the Aetna Casualty & Surety Company or a member of the aforementioned law firm [attorneys designated by the company]", which effectively foreclosed the insureds from obtaining their own legal counsel during that period, worked an estoppel against the insurer barring it from thereafter disclaiming coverage (see Allstate Ins. Co. v. Gross, 27 N Y 2d 263; Wright v. Wright, 35 A D 2d 895). However, it was error to dismiss the complaint in this action for a declaratory judgment merely because the plaintiff was not entitled to the declaration sought by it (Lanza v. Wagner, 11 N Y 2d 317, 334). Accordingly, the paragraph of the judgment which dismisses the complaint on the merits should be stricken. (Appeal from judgment of Monroe Trial Term, in declaratory judgment action.) Present — Del Vecchio, J. P., Marsh, Moule and Henry, JJ.