■ NATHAN SCHULMAN et al., Respondents, and ALBERT BATTAGLINI, Appellant, v JAMES J. JARCHO et al., Constituting the Joint Plumbing Industry Board, Appellants-Respondents. JACK WALKES, Respondent, v JAMES J. JARCHO et al., Constituting the Joint Plumbing Industry Board, Appellants.—Judgment, Supreme Court, New York County, entered October 5, 1978, declaring plaintiff Walkes entitled to recover benefits from defendants, affirmed, without costs. Judgment, Supreme Court, New York County, entered October 5, 1978, which, *inter alia,* dismissed plaintiff Battaglini's complaint, modified, on the law, by striking the paragraph dismissing Battaglini's complaint and by substituting a paragraph declaring that he is not entitled to benefits against the defendants, and, as modified, affirmed, without costs. Plaintiffs brought this action seeking certain benefits under Plumbing Industry Board Pension and Welfare Funds. The Court of Appeals, in *Mitzner v Jarcho* (44 NY2d 39, 43), has recently summarized the history of the eligibility rules and regulations for the pension fund: "The fund was formally created in 1952 by an agreement and declaration of trust (trust agreement) for the benefit of journeymen plumbers and apprentices. The trust agreement contained the usual provisions with respect to the investment and fiscal management of the assets of the fund and conferred on the trustees 'power to make, amend and repeal such rules and regulations, not inconsistent with the terms thereof, as they may deem necessary or proper to carry out the provisions of this Agreement'. Exercising this power, the trustees promulgated 'The Plumbing Industry Pension Fund, Rules and Regulations for Pension Plan' (plan) which prescribed the following eligibility requirements for fund benefits: (a) attainment of age 65; (b) 15 years' union membership, from 1939, five consecutive years of which imme-

diately precede the date of application for retirement; (c) 1,250 days' employment at the plumbing trade; and (d) employment of any duration with a contributing employer in each of the two years directly preceding the date of application for retirement. A 1960 amendment to the pension plan provided eligibility for disabled employees after age 50, and in 1963 the plan was further amended to delete union membership as a condition of eligibility. Instead, employment with a contributing employer, regardless of union membership, qualified one for fund benefits. In 1966 the pension plan was again amended to provide for early retirement at age 60. Additionally, benefit claimants were now required to have accumulated 15 consecutive years of employment and 1,250 working days with a contributing employer immediately preceding the application for benefits. This amendment, adopted by the trustees in the exercise of their power to amend the plan, gave rise to the present litigation." The evidence in this proceeding indicates that the plaintiffs were not advised by the pension trustees of the 1966 amendment until they applied for their pensions. Therefore, that 1966 amendment was not binding upon the plaintiffs (Mitzner v Jarcho, 44 NY2d 39, 46, 47, supra). In light of the fact that plaintiffs Walkes, De Vincent, Schulman and Lazar had more than 15 nonconsecutive years of covered employment and were otherwise qualified under the 1952 requirements, as amended, the court at Special Term correctly declared them to be eligible for pension and welfare benefits. Plaintiff Schillay had 20 consecutive years of covered employment ending in 1964. As a result of a back injury, Schillay was no longer able to perform heavy plumbing work in 1965. Consequently, in 1965, he took a position with the City of New York as a plumbing inspector. Schillay continued to work for the city until 1969 when he applied for a pension. His application was denied because he was not working for a contributing employer in the two years immediately preceding his application. A booklet distributed by the Joint Plumbing Industry Board contains the following rule of eligibility that is relevant to this discussion: "He has been employed by a contributing employer in each of the two annual periods next preceding the date of his filing an application for retirement and a pension, or in any such annual period he has not been so employed but has been a salaried officer of the Union; provided, however, that such requirement shall be waived to the extent that a member has been unable to meet the requirement owing to a bona fide disability, including illness". This two-year requirement is reasonable for it is aimed at encouraging employment by union members with contributing rather than with noncontributing employers, such as the City of New York. Nonetheless, in view of Schillay's (1) long history of covered employment and (2) his back disability, we find that the pension trustees acted unreasonably in refusing to waive the two-year requirement. Recovery was properly awarded to plaintiff Schillay. The court was also correct in denying benefits to Battaglini since he did not even have 15 nonconsecutive years of covered employment at the time of his application in 1968. There is no evidence in the record to indicate that Battaglini was unaware of the then existing rules and regulations when he applied for his pension in 1968. Hence, he must take responsibility for his own failure to work an additional year to qualify for benefits. However, it was error to dismiss Battaglini's complaint in this action for declaratory judgment merely because he was not entitled to the relief. The judgment, entered October 5, 1978, should be modified by striking the paragraph dismissing Battaglini's complaint and by substituting a paragraph declaring that he is not entitled to recover benefits from the defendants (Aetna Cas. & Sur. Co. v Dimino, 40 AD2d 1076). Concur— Murphy, P. J., Kupferman, Lupiano and Silverman, JJ.